IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,163-01




EX PARTE PEDRO CHAVEZ VASQUEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 39736-01-B IN THE 181ST DISTRICT COURT
FROM POTTER COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to twenty years’ imprisonment. He did not appeal his conviction. 
            Applicant contends, among other things, that his plea was involuntary because counsel failed
to request an interpreter, failed to consult with Applicant regarding the nature of the offense, failed
to properly admonish Applicant of the consequences of his plea, and tricked Applicant into signing
the plea paperwork. Applicant also alleges that counsel


 failed to inform the trial court that the
wrong medical records were in Applicant’s file, which the trial court relied on to sentence Applicant.
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
to respond to Applicant’s claims of ineffective assistance of counsel and involuntary plea. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary. The trial court shall also make findings of fact and conclusions
of law as to whether counsel: (1) coerced, tricked, or made improper promises to induce Applicant
into pleading guilty, (2) failed to request an interpreter, (3) failed to consult with Applicant regarding
the nature of the offense, (4) failed to properly admonish Applicant of the consequences of his plea;
and, (5) failed to inform the trial court at the revocation hearing that a medical report from an
unrelated case was being used to sentence Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 30, 2014
Do not publish